The Honorable James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  CR03-301JLR |
| Plaintiff, | STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING SENTENCING HEARING; ORDER |
| v. | |
| BALJINDER BHATTI, | |
| Defendant. | |

The parties hereby stipulate and agree as follows:

1.      Defendant BALJINDER BHATTI was originally charged via indictment on July 16, 2003 with conspiracy to distribute marijuana.  He failed to appear for subsequent hearings and remained a fugitive until his arrest on or about September 3, 2019.

2.      Defendant pleaded guilty to a superseding information charging him with conspiracy to distribute marijuana and failure to appear on January 10, 2020 pursuant to a written plea agreement.  Sentencing was set for April 13, 2020, but was stricken due to the pandemic as discussed below.  Defendant previously sought to proceed to sentencing via videoconference, but later withdrew the motion after the government objected.

3.      The parties now hereby stipulate and agree that the sentencing hearing should occur via video conference.

Stipulation and Order re: Remote Hearing
*U.S. v. Bhatti*, CR03-301JLR - 1

1    4.    On March 27, 2020, Congress passed the Coronavirus Aid, Relief and

2    Economic Security Act ("CARES Act").  The CARES Act authorized the Judicial

3    Conference of the United States and the Chief District Judges of the various Districts to

4    authorize felony change of plea hearings and sentencing hearings by video or telephonic

5    conference when (1) such hearings "cannot be conducted in person without seriously

6    jeopardizing public health and safety;" and (2) "the district judge in a particular case finds

7    for specific reasons that the plea or sentencing in that case cannot be further delayed without

8    serious harm to the interests of justice."  *Id.,* Pug. L. 116-23 15002(b)(2).

9    5.    On March 29, 2020, the Judicial Conference of the United States made the

10   findings required by the CARES Act, concluding that conditions due to the COVID-19

11   pandemic have materially affected and will affect the functioning of federal courts generally.

12   6.    Western Washington was one of the first areas impacted by the pandemic.

13   Even before the CARES Act, on March 17, 2020, Chief United States District Judge Ricardo

14   S. Martinez issued General Order 02-20 closing the Seattle and Tacoma Courthouses to the

15   public except as provided therein, and continued all civil and criminal hearings and trial

16   dates until no earlier than June 1, 2020.

17   7.    In General Order 04-20, Chief Judge Martinez made the findings required by

18   the CARES Act as referenced above, and authorized the use of video conferencing or

19   telephone conferencing for felony pleas and felony sentencings, provided that the district

20   judge in a particular case finds for specific reasons that the plea or sentencing in that case

21   cannot be further delayed without serious harm to the interest of justice.

22   8.    Such hearings can only be conducted if the defendant in question consents.

23   9.    The findings made in General Order 04-20 have been extended, most recently

24   in General Order 11-20, filed on July 30, 2020.

25   10.    In addition to the pandemic, this Court is experiencing more general issues

26   with resources.  The Western District of Washington has an authorized compliment of seven

27   full-time district court judges.  However, due to retirements and judges taking senior status,

28   the District currently only has two full-time judges.  This scarcity of judicial resources is of

Stipulation and Order re: Remote Hearing
*U.S. v. Bhatti*, CR03-301JLR - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   course worsened by the pandemic's impact on the Court's ability to conduct in-person

2   hearings, which will inevitably result in an ever-growing backlog of hearings that will

3   otherwise not be addressed until the pandemic is sufficiently resolved to allow in-person

4   hearings.

5          11.     That backlog will result in delay in scheduling change of plea hearings and

6   sentencings that threatens the interests of justice in reasonably prompt resolution of criminal

7   matters.  Accordingly, where possible handling matters via video or tele conference will help

8   alleviate that backlog and avoid those adverse impacts.

9          12.     In addition to these general issues, the defendant herein is a Canadian national.

10  Defendant may seek a transfer back to Canada to serve as much of his sentence as possible in

11  that country per the treaty between the United States.  While there is no guarantee that such a

12  request will be granted, unduly delaying the sentencing in this matter will tend to make such

13  a transfer, if granted, impossible.

14         13.     In addition, while the government is recommending a sentence of 46 months,

15  the Probation Office has recommended a sentence of 18 months, and the defendant has asked

16  the Court to sentence him to time served.  Defendant has already been in custody for close to

17  a year.

18         14.     For these reasons, defendant hereby requests and consents to conducting the

19  sentencing hearing in this matter via video conference.

20         15.     Counsel for defendant certifies that he has discussed defendant's right to be

21  sentenced in an in-person proceeding, that the defendant understands that right, and that

22  defendant has knowingly and intentionally consented to proceed with the hearing via video

23  conference.

24

25  / / /

26

27  / / /

28

Stipulation and Order re: Remote Hearing
*U.S. v. Bhatti*, CR03-301JLR - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1       16.    Based on the foregoing, the parties therefore stipulate and agree that the

2 sentencing cannot be further delayed without serious harm to the interests of justice.

3       Dated:  August 20, 2020.

4

5

6       Respectfully submitted,

7

8       BRIAN T. MORAN
      United States Attorney

9

10       */s/  Vincent T. Lombardi*
      VINCENT T. LOMBARDI

11       WSBA # 21967
      Assistant United States Attorney

12       United States Attorney's Office
      700 Stewart Street, Suite 5220

13       Seattle, Washington 98101-1271
      Phone:  206-553-7970

14       Fax:  206-553-4073
      E-mail:  vince.lombardi03-@usdoj.gov

15

16       */s/ Christopher Black*
      CHRISTOPHER BLACK

17       Attorney for Defendant

18

19

20

21

22

23

24

25

26

27

28

Stipulation and Order re: Remote Hearing
*U.S. v. Bhatti*, CR03-301JLR - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## **ORDER**

1.      The Court adopts the findings above.

2.      Further, the Court specifically finds that:

      a.      The sentencing hearing in this case cannot be further delayed without serious harm to the interests of justice; and

      b.      The defendant has waived defendant's physical presence at the hearing and consents to remote hearing by video conference

3.      Therefore, based on the findings above and under the Court's authority under Section 15002(b) of the CARES Act and the General Orders issued by this court, the sentencing hearing in this matter will be conducted by video conference on Monday, August 24, 2020.

Dated this 21st day of August, 2020.

THE HON. JAMES L. ROBART
U.S. District Court Judge